IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCINE W. BOULANGER,

      Plaintiff,                              No. CIV S-07-0849 DAD

     v.

MICHAEL J. ASTRUE,                  ORDER
Commissioner of Social Security,

      Defendant.

_____/

        This matter is before the court on plaintiff's fully briefed motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA).

        Plaintiff brought this action seeking judicial review of a final administrative decision denying her applications for disability benefits under Titles II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act.  On May 15, 2009, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded the action with the direction to award plaintiff benefits.

        The court's decision was based upon the conclusion that the Administrative Law Judge (ALJ) had failed to consider plaintiff's complex regional pain syndrome as an impairment, failed to give adequate reasons for rejecting the treating physician's opinion, erred by finding

plaintiff's testimony not fully credible, failed to discuss the statements of three lay witnesses and failed to pose a legally adequate hypothetical question to the vocational expert who testified at the administrative hearing. The court also found that no useful purpose would be served by further administrative proceedings and that the vocational expert's testimony at the hearing in response to a properly modified hypothetical question established that plaintiff was unable to perform a significant number of jobs available in the national economy. Judgment was accordingly entered for plaintiff on May 15, 2009.[1]

  Plaintiff seeks a fee award of $10,208.00 for 58 hours of attorney time expended in connection with this action. The amount sought is comprised of 38 hours of attorney time expended during 2007, 10 hours expended during 2008 and 10 hours expended during 2009. Plaintiff seeks a rate of $176 per hour for all hours expended by her attorney. Defendant concedes that plaintiff is entitled to reasonable EAJA fees but contends that the number of hours allegedly expended by plaintiff's attorney was excessive. In this regard, defendant proposes that plaintiff's fee award be limited to only 30 hours of attorney time.

  The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B) (i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party

---

[1] The undersigned apologizes to the parties, and in particular to plaintiff's counsel, for the delay in the issuance of this order. The court will be taking steps to ensure that such delay does not occur in the future.

'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

Here, plaintiff is obviously the prevailing party since the court remanded the matter with the direction to award benefits. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the Commissioner was not substantially justified. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

/////

/////

/////

increase in the cost of living.[2] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an award of benefits despite defendant's cross-motion for summary judgment. Having reviewed the itemization of attorney hours spent, the court finds that the claimed 58 hours of attorney time is reasonable in this case and that the number of hours claimed by plaintiff's counsel is comparable to the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.

Plaintiff's requested rate however exceeds the maximum hourly rates provided under the EAJA, as adjusted for inflation/cost-of-living increases by the Ninth Circuit. As noted above, in accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005) and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. See footnote 1, above. In 2007, that maximum permissible rate was $166.46 per hour. In 2008, the maximum permissible rate was $172.85 per hour. Finally, in 2009, the maximum permissible rate was $172.24 per hour. Accordingly, plaintiff will be awarded $6,325.48 for the 38 attorney hours expended during 2007 (38 hours at a rate of $166.46 per hour), $1,728.50 for the 10 attorney hours expended during 2008 (10 hours at a rate of $172.85 per hour) and $1,722.40 for the 10 attorney

/////

---

[2] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov.

hours expended during 2009 (10 hours at a rate of $172.24 per hour), for a total fee award of $9,776.38.

      Plaintiff's motion includes a request that any EAJA fees awarded be paid directly to plaintiff's counsel of record. Defendant does not object to this request because plaintiff's counsel supplied the Commissioner with a fee assignment.[3] However, subsequent to the briefing by the parties, the United States Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).

      Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

/////

/////

---

[3] In his motion for attorney fees, counsel for plaintiff did not address the assignment agreement nor did he attach a copy of the assignment agreement to the motion for the court's review.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 24) is granted;

2. Plaintiff is awarded $9,776.38 for attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorneys fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: October 18, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.socsec/boulanger0849.attyfees.eaja